UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DERRICK and LISA FLAVEL,
individually and as guardians of E.F.,
a minor child,

               Plaintiffs,

    v.

SCOTTSDALE INSURANCE
COMPANY, a foreign insurance
company doing business in the State
of Washington, and NAUTILUS
INSURANCE, a foreign insurance
company doing business in the State
of Washington,

               Defendants.

C19-82 TSZ

ORDER

      THIS MATTER comes before the Court on Defendant Scottsdale Insurance Co.'s

("Scottsdale") Motion to Dismiss, docket no. 7, Defendant Nautilus Insurance Co.'s

("Nautilus") Joinder in Scottsdale's motion, docket no. 8, and Plaintiffs' Motion to

Remand, docket no. 15. Having reviewed all papers filed in support of, and in opposition

to, the motions, the Court enters the following order.

**Background**

Plaintiffs filed this lawsuit in King County Superior Court on December 19, 2018. *See* Defendant Scottsdale's Motion to Dismiss, docket no. 7, Ex. A ("Compl."). Plaintiffs allege that their minor son. E.F., was injured while participating in a youth baseball training program operated by Big League Edge, LLC ("BLE"). *Id.* ¶¶ 4.6-4.7. According to Plaintiffs, BLE was aware of dangerous conditions at their premises that caused E.F.'s injury. Scottsdale provided commercial liability coverage to BLE for its activities.[1] *See* Def.'s Mot. to Dismiss, docket no. 7, Ex. B ("Scottsdale Policy"). Plaintiffs are not listed as insureds or beneficiaries under the Scottsdale Policy.

After the injury, Plaintiffs spoke with Scott Kaiser, a Scottsdale representative, who allegedly informed Plaintiffs that Scottsdale had "accepted liability for this occurrence and will have a liability limit of $25,000." Compl. ¶ 4.8. On May 22, 2018, Scottsdale wrote a letter to Plaintiffs' attorney stating that Scottsdale had received a copy of the release that Plaintiffs signed, which held BLE harmless for claims of damages resulting from personal injuries in connection with BLE's camp, training, and activities. *Id.* ¶ 4.10. Plaintiffs then filed suit alleging claims for declaratory relief regarding the limit of the Scottsdale Policy, the validity of the release Plaintiffs executed with BLE, negligence, violation of Washington's Consumer Protection Act ("CPA"), and breach of contract and the warranty of good faith. *Id.* ¶¶ 5.1-9.5.[2] Defendant Nautilus removed

---

[1] BLE also obtained excess liability coverage from Nautilus. *See* Compl. ¶ 2.2; Nautilus's Joinder, docket no. 8, at 2.

[2] Plaintiffs do not allege that they have ever filed suit against BLE in connection with any of the events described above, that they obtained a judgment, or that they executed any settlement agreement.

ORDER - 2

this action on January 17, 2019 based on diversity of citizenship. *See* Notice of Removal, docket no. 1. Plaintiffs are citizens of Washington. Compl. ¶ 1.1. Defendant Nautilus is incorporated in Arizona, with its principal place of business in Arizona. Declaration of Peter J. Mintzer, docket no. 20, ¶ 3. Defendant Scottsdale is incorporated in Ohio with its principal place of business in Arizona. Compl. ¶ 2.1. Plaintiffs' complaint requests a declaration that the Scottsdale Policy is subject to a $1,000,000 general liability limit and has requested more than $75,000 in initial settlement demands. Compl. ¶ 10.1; Mintzer Decl. ¶ 5.

**Discussion**

      I.    *Motion to Remand*

      Plaintiffs' sole basis for moving to remand is an exception to the diversity jurisdiction statute, which provides that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant," the insurer will be deemed not only a citizen of the states in which it is incorporated and has its principal place of business, but also in any state in which the insured is a citizen. 28 U.S.C. § 1332(c)(1). If the exception applies, Defendants would be deemed citizens of Washington because the insured, BLE, is a citizen of Washington, and complete diversity would not exist.

      The exception does not apply. Plaintiffs' suit is not a "direct action," which is a statutory mechanism not available in Washington state. *See Postlewait Constr. v. Great Am. Ins. Cos.*, 106 Wn.2d 96, 99, 720 P.2d 805 (1986) (en banc) (holding that a plaintiff who is not a named insured or an intended third-party beneficiary may not bring a direct

action against the tortfeasors' insurer).  As explained by the U.S. Supreme Court,

Congress created this exception to the diversity statute in order to "eliminate under the

diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both

parties are local residents, but which, **under a State 'direct action' statute**, may be

brought directly *against* a foreign insurance carrier without joining the local tortfeasor as

a defendant."  *Northbrook Nat'l Ins. Co. v. Brewer*, 493 U.S. 6, 9-10 (1989) (emphasis

added) (internal quotation marks omitted); *see also Searles v. Cincinnati Ins. Co.*, 998

F.2d 728, 729-30 (9th Cir. 1993) (same); *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d

898, 901-02 (9th Cir. 1982) (same).

   Plaintiffs cannot point to any Washington statute authorizing "direct actions"

against insurers.  Plaintiffs' reliance on *Leslie v. Fidelity National Title Insurance

Company*, 598 F. Supp. 2d 1176 (W.D. Wash. 2009) and *Gould v. Mutual Life Insurance

Company of New York*, 37 Wn. App. 756, 683 P.2d 207 (1984) is misplaced.  In both

cases, the plaintiffs were in privity with the defendant insurance companies, either as

intended beneficiaries on life insurance policies (in *Gould*) or as potential policyholders

(in *Leslie*).  Taking as true Plaintiffs' allegation that Scottsdale "accepted liability for this

occurrence," that acceptance of liability *for insurance coverage* does not transform

Plaintiffs' claim into a *direct action against the insurer*.[3]

---

[3] Plaintiffs' suggestion that they are first party claimants under Washington law is also incorrect.  The very same statute that Plaintiffs rely upon expressly defines first party claimants as "an individual, corporation, association, partnership, or other legal entity asserting a right to payment **as a covered person under an insurance policy or insurance contract** arising out of the occurrence of the contingency or loss covered by such a policy or contract."  RCW 48.30.015(4) (emphasis added).  As discussed below, Plaintiffs have not alleged—and cannot allege—that they are covered persons under the Scottsdale and Nautilus insurance policies for BLE.

1    Because the jurisdictional exception for direct actions does not apply, the Court is

2    satisfied that complete diversity of citizenship exists, removal was proper, and Plaintiffs'

3    motion to remand is denied.

4    II.    *Standard of Review for Motion to Dismiss*

5    Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not

6    provide detailed factual allegations, it must offer "more than labels and conclusions" and

7    contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl.*

8    *Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must indicate more than

9    mere speculation of a right to relief.  *Id.*  When a complaint fails to adequately state a

10   claim, such deficiency should be "exposed at the point of minimum expenditure of time

11   and money by the parties and the court."  *Id.* at 558.  A complaint may be lacking for one

12   of two reasons:  (i) absence of a cognizable legal theory, or (ii) insufficient facts under a

13   cognizable legal claim.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th

14   Cir. 1984).  In ruling on a motion to dismiss, the Court must assume the truth of the

15   plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor.  *Usher v.*

16   *City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  The question for the Court is

17   whether the facts in the complaint sufficiently state a "plausible" ground for relief.

18   *Twombly*, 550 U.S. at 570.  If the Court considers matters outside the complaint, it must

19   convert the motion into one for summary judgment.  Fed. R. Civ. P. 12(d).  If the Court

20   dismisses the complaint or portions thereof, it must consider whether to grant leave to

21   amend.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

22

23

III.   *Insurance Contract Interpretation*

All of Plaintiffs' claims—the declaratory relief claims regarding the limits of liability and the effect of the release with BLE as well as the breach of contract, negligence, and CPA claims—are based on the theory that Plaintiffs are either in a direct contractual relationship with Defendants or are third-party beneficiaries of Defendants' insurance contracts with BLE.  Neither theory can be sustained under Washington law.

Washington courts construe insurance policies as a whole, giving the policy the "fair, reasonable, and sensible construction" that an average person purchasing insurance would.  *Vision One, LLC v. Phila. Indem. Ins. Co.*, 174 Wn.2d 501, 512, 276 P.3d 300 (2012); *see also Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 137, 26 P.3d 910 (2001).  If the language of a policy is "clear and unambiguous," the Court must "enforce it as written and may not modify it or create ambiguity where none exists."  *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 665-66, 15 P.3d 115 (2000).

The Plaintiffs are neither insureds nor third-party beneficiaries under the Scottsdale and Nautilus policies.  Plaintiffs do not allege that they are named as insureds in either policy.  In order to create a third-party beneficiary relationship, "both contracting parties must intend that a third party beneficiary contract be created."  *Postlewait*, 106 Wn.2d at 99.  Such an intent is determined objectively.  *Id.*  It is not enough that a third party benefit incidentally from the contract—both of the contracting parties must intend that benefit and "must indicate that intention in the contract."  *Id.* at 101 (quoting 18 G. Couch, *Insurance* § 74:333 at 791 (2d ed. 1983)); *see also Dussault*

*ex rel. Walker-Van Buren v. Am. Int'l Grp., Inc.*, 123 Wn.App. 863, 867, 99 P.3d 1256 (2004) (third-party claimants are not intended beneficiaries of liability policies and are owed no direct contractual obligation by insurers). Here, the insurance policies reveal no indications—objective or otherwise—that BLE, Scottsdale, and Nautilus intended their insurance contracts to benefit Plaintiffs. Plaintiffs may have a remedy against BLE, but not directly against Defendants as a first party action. *See Postlewait*, 106 Wn.2d at 101 ("[T]he [plaintiff] is attempting to directly collect proceeds it claims are owing under an insurance policy on which it was not named as an insured, a loss payee or otherwise. Although the [plaintiff] has a remedy, this is not it.").

IV.    *Declaratory Relief*

A claim under the Declaratory Judgment Act, 28 U.S.C. § 2201 requires a plaintiff to "establish standing by showing that there is a substantial controversy, between parties having adverse interest, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 658 (9th Cir. 2002) (internal quotation marks omitted). Requests seeking remedies that are duplicative of those available for other claims may be dismissed. *See Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007).

Here, there is no immediate, genuine controversy between the parties because Plaintiffs are neither an insured nor a third-party beneficiary under the insurance contracts at issue. *See, e.g.*, *Johnson v. Shree Radhe Corp.*, No. 17-1414, 2018 WL 1409973, *4 (D.S.C. Mar. 21, 2018); *Factory Sales and Engineering, Inc. v. Factory Mut. Ins. Co.*, No. 15-5131, 2015 WL 3797216, *6 (W.D. Wash. June 18, 2015).

Moreover, Defendants are not parties to the release that Plaintiffs signed with BLE, so there is no controversy between Defendants and Plaintiffs with respect to the release.

Plaintiffs' remedies under their declaratory judgment action are likewise duplicative of the remedies available for their breach of contract, negligence, and CPA claims, and the declaratory judgment claims may be dismissed on that basis as well.[4]

V.      *Negligence*

A negligence claim requires proof of a duty owed to a plaintiff by a defendant, breach, damages, and proximate cause.  *See Hartley v. State*, 103 Wn.2d 768, 698 P.2d 77 (1985).

Here, Plaintiffs allege no facts giving rise to a negligence claim against Defendants.  Rather the Complaint alleges facts giving rise to a possible negligence claim against the insured, BLE.  Compl., ¶¶ 7.1-7.9.  Moreover, Washington law is clear that liability insurers normally do not owe any duties to third-party claimants, and suits by third-party claimants against liability insurers are barred.  *See, e.g.*, *Tank v. State Farm Fire & Cas. Co.*, 105 Wn.2d 381, 392, 715 P.2d 1133 (1986);[5] *Dussault*, 123 Wn.App. at 868-69.

---

[4] The same result is required under Washington's Uniform Declaratory Judgment Act which requires a dispute involving existing and genuine rights or interests that are direct and substantial.  *See, e.g.*, *Nelson v. Appleway Chevrolet, Inc.*, 160 Wn.2d 173, 186, 157 P.3d 847 (2007).

[5] *Tank*'s exception for situations in which the insurer owes a direct contractual obligation to the third-party is inapplicable here because Plaintiffs, as discussed above, are not intended beneficiaries under the insurance contracts.

VI.     *Washington Consumer Protection Act*

To establish a violation of the CPA, a private plaintiff must prove:  (i) the defendant engaged in an unfair or deceptive act or practice; (ii) such act or practice occurred within a trade or business; (iii) such act or practice affected the public interest; (iv) the plaintiff suffered an injury to his or her business or property; and (v) a causal relationship exists between the defendant's act or practice and the plaintiff's injury. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785-93, 719 P.2d 531, 535-39 (1986) (en banc).  Whether conduct constitutes an unfair or deceptive trade practice within the meaning of the CPA constitutes a question of law. *Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wn. App. 104, 114, 22 P.3d 818, 823 (2001). To qualify, the alleged act must have had the "capacity to deceive a substantial portion of the public."  *Hangman Ridge*, 105 Wn.2d at 785, 719 P.2d at 535.

The dispute at issue here concerns no more than an alleged breach of a private contract, to which Plaintiffs are neither parties nor intended beneficiaries and which does not affect the public interest.  Plaintiffs offer no evidence that others have been or will be injured in exactly the same fashion.  *See Sloan v. Thompson*, 128 Wn. App. 776, 792, 115 P.3d 1009, 1016-17 (2005) ("[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes the factual pattern from a private dispute to one that affects the public interest." (quoting *Hangman Ridge*, 105 Wn.2d at 790-91)); *see also Postlewait*, 106 Wn.2d at 102 ("Our holding that the [plaintiff] is not an intended third party beneficiary of the insurance agreement between the [tortfeasor]

and the insurer renders moot the [plaintiff's] claims against the insurer for bad faith and breach of the Consumer Protection Act.").

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Plaintiffs' Motion to Remand, docket no. 15, is DENIED.

(2)     Defendant Scottsdale Insurance Co.'s Motion to Dismiss, docket no. 7, is GRANTED.

(3)     Defendant Nautilus Insurance Co.'s Joinder, docket no. 8, is GRANTED.

(4)     Plaintiffs' complaint is DISMISSED without prejudice and without leave to amend in this action.

(5)     The Clerk is directed to CLOSE this case.  The Clerk is further directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 26th day of April, 2019.

Thomas S. Zilly
United States District Judge